IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:06-319-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Alphonso Golden, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises claims relating to alleged ineffective assistance of counsel. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has filed his response and the matter is ripe for resolution.

On March 22, 2006, a federal grand jury returned an Indictment which charged Defendant with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of Title 21 U.S.C. §§ 841(a)(1)(b)(1)(A) and 846. The Government and Defendant thereafter reached an agreement under which Defendant pleaded guilty to a Superseding Information which charged a violation of the general conspiracy statute, 18 U.S.C. § 371. On September 26, 2006, Defendant waived indictment and pleaded guilty to this Superseding Information.

On February 16, 2007, Defendant was sentenced to 60 months' imprisonment. Defendant's plea agreement contained a waiver of appeal and Defendant did not appeal his conviction or sentence.

Defendant has timely filed this § 2255 motion, alleging ineffective assistance of counsel.

1

Defendant contends that his counsel was ineffective in failing to file a notice of appeal after Defendant directed him to do so. Defendant also claims that counsel was ineffective in failing to adequately explain a potential statute of limitations defense, in failing to address a potential defense of preindictment delay, and in failing to review the Government's discovery regarding the overt act allegedly committed within the statute of limitations period.

For the reasons set forth below, the court **grants** the Government's motion for summary judgment in part and sets this matter for an evidentiary hearing relating to the issue of whether Defendant directed his counsel to note an appeal.

## STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

When challenging counsel's action in a case in which Defendant entered a guilty plea, Defendant must establish prejudice by showing that "there is a reasonable probability that, but for counsel's error, [Defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

## ANALYSIS

Defendant's ground for relief maintains that his counsel was ineffective. Defendant contends that counsel was ineffective in two ways: in failing to file a notice of appeal when Defendant specifically directed him to do so, and in allegedly failing to pursue a statute of limitations defense.

Count One of the Superseding Information charged that Defendant committed an overt act within the statute of limitations period, and Defendant waived his statute of limitations defense to Count One of the Superseding Information in his plea agreement and on the record in his Rule 11 hearing, held September 26, 2006. This court specifically asked Defendant the following:

> [Court]: And it's my understanding that you have discussed with your lawyers the issue of the statute of limitations, the possible staleness of these charges, and whether or not that might be a legitimate defense if this case were to go forward, and you have decided that you want to give up or waive any statute of limitations issues and go forward and plead guilty to these particular charges; is that right, . . . Alphonso Golden?
>
> [Defendant]: Yes, ma'am.

Tr. of Guilty Plea at 19-20 (Dkt. # 79, filed June 25, 2007).

The sworn statements Defendant made during his plea colloquy bar his subsequent averments

to the contrary. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977). "[R]epresentations of the defendant . . . at [plea] hearing[s] . . . constitute a formidable barrier in any subsequent collateral proceedings," *id.* at 73-74, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir.2003); *see Crawford v. United States*, 519 F.2d 347, 350 (4th Cir.1975) ( "[T]he accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." ), *partially overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir.1985) (en banc). "To allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed, economy, and finality." *Blackledge*, 431 U.S. at 71.

At the Rule 11 hearing held September 26, 2006, Defendant expressed his satisfaction with counsel, and (despite being given ample opportunity) voiced no disagreement with the facts presented by the Government which formed the basis of the plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), except in narrow circumstances, *Menna v. New York*, 423 U.S. 61, 62-63 n.2 (1975). After entering a guilty plea to the charges against him, Petitioner cannot challenge the alleged constitutional instability in the events occurring before he entered his plea, as the plea acts as a "break in the chain." *Tollett*, 411 U.S. at 267.

4

**Ineffective Assistance of Counsel – Notice of Appeal**

Circumstances exist where a defendant may appeal even when there is an appeal waiver in his plea agreement. For instance, a defendant may appeal an issue not within the scope of the waiver. Additionally, a defendant who had signed an appeal waiver would still be able to appeal a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of a guilty plea. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). Most importantly, however, even if an appeal waiver is contained in the plea agreement, once an attorney is unequivocally told to file an appeal, the attorney is constitutionally ineffective if he fails to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007).

Mindful of these circumstances and existing case law,[1] the court determines that an evidentiary hearing is necessary to resolve this credibility determination. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. S*ee also United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000) ( hearing is required if credibility determination is necessary to resolve an issue in a § 2255 motion); and *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005) (defendant entitled to evidentiary hearing on whether he instructed attorney to file an appeal, despite appeal waiver).

---

[1]*See, e.g.*, *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) ("If the evidence establishes . . . Petitioner's attorney acted contrary to his client's wishes . . . prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions in his appeal waiver.").

## CONCLUSION

The Government's Motion for Summary Judgment is **granted in part.** A hearing is set in this matter for **Tuesday, November 18, 2008 at 2:30 p.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to the issue of whether Defendant directed counsel to file a notice of appeal. Defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints S. Harrison Saunders, VI, Esquire, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Defendant during this evidentiary hearing.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 15, 2008

C:\Documents and Settings\baw58\Local Settings\Temp\notesE1EF34\~4350553.wpd